BENJAMIN CURTIS, ET AL., *vs.* ROBERT MOORE, ET AL., GARNISHEES OF R. McELDOWNEY & Co.

EVIDENCE: FRAUD: PRACTICE.—In questions of fraud, any fact however slight, if at all relevant to the issue, will be admitted in evidence, though the circumstances of the case when combined must be so strong as to satisfy the jury of the fact sought to be established; and although fraud is never to be presumed, yet it is not necessary to prove it by positive and direct testimony.

Where it is necessary in the course of a cause to inquire into the nature of a particular act, and the intention of the person who did the act, proof of what was said by such person at the time of doing such act, is admissible for the purpose of showing its true character.

PRACTICE:—Where a mass of evidence is offered, a part of which is admissible, and the whole is objected to, it is error to exclude the whole.

APPEAL from the Superior Court of Baltimore City:

The appellant in this cause sued out an attachment on warrant against the goods, &c., of Robert McEldowney, which was laid in the hands of Robert Moore and Charles Moore, partners, trading under the firm of Robert Moore and Brother. The attachment was founded on three notes, dated respectively August 23rd, 1856, September 23rd, 1856, and October 23rd, 1856, each made by R. McEldowney & Co., for the sum of $1012.27, payable eight months after date to their own order, for merchandize purchased from the plaintiffs, and endorsed by the said R. McEldowney & Co. The garnishees appeared and pleaded *nulla bona.* The evidence in the cause, and the only question arising thereon, are set forth in the opinion of this Court. The verdict of the jury was in favor of the garnishees, and the plaintiffs appealed.

The cause was argued before BARTOL, GOLDSBOROUGH and COCHRAN, J.

*Levin Gale,* for the appellants:

1st. If any portion of the proposed testimony was admissible, the Court erred in rejecting the whole. *Budd vs.*

*Brooke, et al.,* 3 *Gill,* 220. *Carroll's Lessee vs. Granite Man. Co.,* 11 *Md. Rep.,* 399.

2nd. That portion of the rejected testimony referring to McEldowney's going to New York and making purchases and failing shortly after his return, was undoubtedly competent evidence to establish fraud.

3rd. The declarations of McEldowney prior to the mortgage to Moore were competent. *Connelly vs. Lord Howe,* 5 *Vesey,* 700. *Coale vs. Harrington,* 7 *H. & J.,* 147. *Robinett vs. Wilson,* 8 *Gill,* 179. *McDowell vs. Goldsmith,* 6 *Md. Rep.,* 319. *Ford vs. Elliott,* 4 *Excheq. Rep.,* 78. *Harshaw vs. Moore,* 12 *Iredell,* 247.

4th. The declarations after the execution of the mortgage, and while McEldowney was in possession of the goods, were competent to show the character of his possession, as holding them for the benefit of the Moores. *Willies vs. Farley,* 14 *Eng. C. L. Rep.* 367.

5th. The whole of the testimony was competent, because of the concert and connection between the Moores and the McEldowneys, as shown by the witness and by the recitals in the mortgage. 1 *Greenleaf's Ev.,* 139. *Davis vs. Calvert, et al.,* 5 *G. & J.,* 269. *Waters vs. Dashiell,* 1 *Md. Rep.,* 474. *Ratcliffe vs. Sangston,* 18 *Md. Rep.,* 383. 7 *Barb. Sup. Ct. R.,* 470.

*P. McLaughlin,* for the appellees :

The ruling of the Court below was proper for two reasons :

1st. Because the evidence proposed to be elicited was hearsay. 1 *Stark. on Ev.,* 42.

2nd. Because the party whose declarations were offered, was interested against the garnishees; as a verdict against the garnishees would, if paid, diminish his liabilities without any recourse to the garnishees against him.

Again, the evidence should have been rejected, if for no other reason, because it was irrelevant to the issue.

The plaintiffs were not entitled to any remedy or to any

damages, because of a supposed fraud upon their neighbors. *Marshall vs. Haney,* 9 *Gill,* 251, 258.

An attachment can only affect the property or credit of the defendants. It cannot be used for the adjustment of claims nor to remedy wrongs as between the plaintiffs and garnishees. Acts 1715, ch. 40, sec. 3; 1795, ch. 56, sec. 1.

In no aspect of the case, even if the plaintiffs had proved all they proposed to prove, have they entitled themselves to a verdict and judgment against the garnishees. *Lee, et al., vs. Tinges,* 7 *Md. Rep.,* 216, 227, 230. *Barr vs. Perry,* 8 *Gill,* 313, 318, 321.

Cochran, J., delivered the opinion of this Court:

The exception contained in this record presents the single question, whether the appellants, as attaching creditors of R. McEldowney & Co., were entitled to give in evidence certain declarations made by Robert McEldowney, a member of that firm, for the purpose of showing a collusive and fraudulent possession of their property and assetts by the appellees.

The evidence which the Court refused to admit, was that of James Henderson, offered by the appellants to show, that Robert McEldowney, before going to New York in the fall of 1856 to purchase goods, said to the witness, when neither of the appellees were present, that they were insolvent and expected to fail, and that the appellees advised them to fail full-handed; that McEldowney went to New York, made large purchases, and that the firm failed shortly after his return; that McEldowney then said to the witness, that he must cease to be cashier, as every thing was in the hands of the appellees.

This testimony had been preceded by evidence showing that the McEldowneys failed on the 9th of December 1856, with upwards of $100,000 worth of stock on hand, and that immediately after their failure, the appellees took and retained possession of the stock, until about the 9th of February 1857, during which time it was reduced to an

amount less than $50,000.   A mortgage made to the ap-
pellees on the 8th of December 1856, and a deed of trust
made to Henry G. Rice on the 9th of February 1857, by
the McEldowneys, were also offered in evidence.

The fact sought to be established by the appellants, was
the fraudulent possession, by the appellees, of property and
assetts of the firm of R. McEldowney & Co., and the
question presented by the exception is, whether the reject-
ed evidence, or any part of it, was admissible for that pur-
pose.   We are aware of no rule under which the declara-
tion of McEldowney to the witness, that he was advised by
the appellees to fail full-handed, could be considered admis-
sible evidence of the fact that such advice was given, but
we are satisfied that the remaining portion of the testi-
mony, taken in connection with the other evidence in the
case, tended to show collusion between the McEldowneys
and the appellees, and that it ought to have been permit-
ted to go to the jury as evidence of that fact. "In questions
of fraud, any fact, however slight, if at all relevant to the
issue, will be admitted in evidence, though the circum-
stances when combined must be so strong as to satisfy the
jury of the fact sought to be established;" and although
"fraud is never to be presumed, yet it is not necessary to
prove it by positive and direct testimony." *Davis vs.
Calvert*, 5 *G. & J.*, 269.   The question as to the admissi-
bility of such evidence as this exception contains, was con-
sidered in the cases of *Kalb vs. Whitely*, 3 *G. & J.*, 188,
and *McDowell vs. Goldsmith*, 6 *Md. Rep.*, 329, in which it
was held, "that where it is necessary in the course of a
cause to enquire into the nature of a particular act, and
the intention of the persons who did the act, proof of what
the person said at the time of doing it, is admissible for the
purpose of showing its true character;"—"and that where
the evidence is offered as a mere fact, which is connected
with the matter in dispute, and not with the view to affect
the party otherwise than as the actual existence of the fact
affects the nature of the transaction itself, then, although it

was a transaction between others, yet as a mere fact, and part of the *res gestœ*, it is evidence." And where a mass of evidence is offered, a part of which is admissible and the whole is objected to, it is error to exclude the whole. *Budd vs. Brooke*, 3 *Gill*, 198; *Carroll vs. Granite Man. Co.*, 11 *Md. Rep.*, 399; *Waters vs. Dashiel*, 1 *Md., Rep.*, 455.

Being of opinion that a part of the evidence rejected by the Court was admissible, we shall reverse the judgment, and award a procedendo.

*Judgment reversed, and procedendo awarded.*

(Decided June 5th, 1863.)