THE GREAT WESTERN TELEGRAPH COMPANY, for use, etc.

*v.*

F. D. GRAY.

*Filed at Springfield November 9, 1887.*

1. SUBSCRIPTION—*to capital stock of corporation—contract construed, as to limited liability for amount subscribed.* A contract of subscription to the capital stock of a telegraph company provided that each subscriber should take the number of shares set opposite his name, and pay for the same in installments,—five per cent to be paid down, and the balance as the directors, from time to time, might order; and further provided that the company agreed that when forty per cent of the par value of the shares should be paid in, the number of shares subscribed by him should be issued to him as full paid stock of the company: *Held,* that the promise of the company to issue full paid stock upon the payment of the forty per cent,

did not operate to limit the subscriber's liability to the payment of such per cent of the par value of the shares, but that the remaining sixty per cent might be collected after the issue of the stock: *Held,* also, that the words at the top of the subscription paper, "assessments not to exceed $10 a share," could not in any way qualify the express promise to pay, in the body of the contract.

2. LIMITATIONS—*when the statute begins to run—as to subscription payable in installments, on call.* Where a contract of subscription to the capital stock of a corporation provides for payments in installments, as from time to time ordered by the board of directors, no cause of action will accrue until an installment is assessed and ordered to be paid.

3. A party in 1868 subscribed to the capital stock of a corporation, to be paid for in such installments as might, from time to time, be ordered, and on assessments or calls paid forty per cent of the par value of his stock. The directors failed to make any order for the payment of the balance, and a court of equity, at the suit of creditors, in 1886 made an order of assessment, or call for payment, on the subscription: *Held,* that the limitation as to the unpaid subscription did not commence to run before such order of the court in 1886.

4. PARTIES—*in suit against corporation—to appoint a receiver, etc.,— whether stockholders are necessary parties.* It is a well established general rule, that a court of equity acquires jurisdiction to appoint a receiver of corporate assets by service of process upon the corporation. The stockholder, unless so required by statute, is not a necessary party. His interest is represented by the presence of the corporation.

5. SAME—*former decisions—distinguished.* The cases of *Chandler* v. *Brown,* 77 Ill. 333, and *Lamar Ins. Co.* v. *Gulick,* 102 id. 41, holding it necessary to make a stockholder of a corporation a party before he could be bound by a decree winding up the corporation, were decided under section 25 of the act of 1872, relating to corporations, which required the stockholders to be made parties, and those cases not to be taken as authority to govern in any other case than in one under such a statute.

6. RECEIVER—*power of court to appoint—to collect unpaid subscriptions.* A court of equity has jurisdiction to appoint a receiver for a corporation when its board of directors are guilty of mismanagement and malfeasance, and order him, by suit in the corporate name, to collect unpaid subscriptions to the capital stock, by service of process, alone, on the corporation. And in an action so brought by him, the validity of the decree appointing the receiver can not be questioned by the defendant stockholder.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on writ of error to the Circuit Court of Lake county; the Hon. C. W. UPTON, Judge, presiding.

Mr. THOMAS J. SUTHERLAND, for the plaintiff in error:

The defendant, by the written contract, promised to take the number of shares, (100,) and to pay for the "same," which means the whole number of shares agreed to be taken. *Dingley* v. *Oler,* 117 U. S. 50.

The heading is no part of the contract, nor does what follows the words of promise contain any words limiting his contract liability, or in any way provide that he shall not pay what he has promised,—the par value of the shares subscribed. The words of his promise to take and pay for, are of the plainest, most positive and direct character. They are not open to construction, and must be taken as they read. Cooley's Const. Lim. p. 55, and cases cited; *People* v. *Wall,* 88 Ill. 78; *Laird* v. *Warren,* 92 id. 207.

The issue of shares as full paid stock can not amount to a release of liability for the other sixty per cent, nor change the character of the promise. *Railroad Co.* v. *Wellington,* 113 Mass. 87; *Upton* v. *Tribilcock,* 91 U. S. 45; *Miller* v. *Gravel Road Co.* 51 Ind. 51; *Erskine* v. *Peck,* 13 Mo. App. 280; 83 Mo. 465.

The release of the defendant's liability to the extent of sixty per cent, would, to the same extent, reduce the capital stock, which would have been illegal and against public policy, *ultra vires,* and void. *State* v. *Timkin,* 12 Am. and Eng. C. C. 24; *Zirkel* v. *Opera House Co.* 79 Ill. 334; *Bank of Commerce's Appeal,* 73 Pa. St. 59; *Life Ins. Co.* v. *Frear Stone Co.* 97 Ill. 537; *Melvin* v. *Insurance Co.* 80 id. 446.

The right of action did not accrue until after demand made under the order of the court. *Banet* v. *Railroad Co.* 13 Ill. 513; *Spangler* v. *Railroad Co.* 21 id. 276; *Cole* v. *Opera House Co.* 79 id. 96.

The circuit court having acquired jurisdiction, had the same powers as the board of directors had. *Upton* v. *Tribilcock,* 91 U. S. 45; *Webster* v. *Upton,* 91 id. 65; *Sanger* v. *Upton,* 95 id.

GREAT WESTERN TELEGRAPH CO. *v.* GRAY.     633

Brief for the Defendant in Error.   Opinion of the Court.

56; *Insurance Co.* v. *Moore,* 84 Ill. 575; *Patterson* v. *Lynde,* 112 id. 205.

This company having been formed under the law of 1849, its rights and liabilities, and those of its stockholders, are to be treated as if the law of 1872 had never been passed. *Stevens* v. *Pratt,* 101 Ill. 219; *Wincock* v. *Turpin,* 96 id. 135.

The cases of *Chandler* v. *Brown,* 77 Ill. 333, and *Lamar Ins. Co.* v. *Gulick,* 102 id. 41, arose under section 25 of the act of 1872, and have no application here.

The stockholders were not necessary parties to the decree appointing the receiver.   Morawetz on Private Corp. sec. 222; *Scoville* v. *Thayer,* 105 U. S. 143; *Glenn* v. *Williams,* 60 Md. 93.

Mr. ERIC WINTERS, for the defendant in error:

The contract of the defendant, therein set forth, is a limited contract, and provides for the payment, by defendant, of forty per centum of the par value of the shares subscribed for by him, (according to the orders of the board of directors,) and no more.   He paid said forty per centum according to the orders of the board of directors of the plaintiff, and is not liable to pay any further or other sum.

The plaintiff's right of action against defendant on said contract is barred by the Statute of Limitations of the State of Illinois.

It does not appear, in and by the said declaration, that the defendant was a party to the suit or proceedings in the circuit court of Cook county, wherein the assessment was ordered. *Chandler* v. *Brown,* 77 Ill. 333; *Insurance Co.* v. *Gulick,* 102 id. 41.

Mr. CHIEF JUSTICE SHELDON delivered the opinion of the Court:

This was an action of assumpsit, brought by the Great Western Telegraph Company, for the use of Elias R. Bowen, receiver, to recover from the defendant the sum of $875, being

thirty-five per cent of the par value of one hundred shares of the capital stock of the plaintiff company, which the defendant had agreed to take and pay for. There was judgment for the defendant on a demurrer to the declaration, which judgment, on appeal, was affirmed by the Appellate Court for the Second District, and from that judgment of affirmance the plaintiff brings error.

There had been an order of assessment of this amount of thirty-five per cent made upon the stockholders of the company by the circuit court of Cook county, in a suit pending therein on the chancery side thereof, wherein the company was a party defendant, and wherein a receiver had been appointed for the company. The assessment was made by the court for the purpose of paying the debts due from the company, and after finding the amount of those debts, and the proper assessment to be made *pro rata* upon the stockholders for that purpose. Demand upon defendant had been duly made for the payment of this money before action brought. The unpaid balance on defendant's subscription was sixty per cent of the par value of the shares agreed to be taken by him. The declaration sets forth fully the above and other requisite facts, stating particularly the proceedings in said chancery suit, and giving a copy of the decree of assessment. The subscription paper signed by the defendant, as set forth in the declaration, is as follows:

"COPY OF CONTRACT AND ACCOUNT SUED ON.
Capital $3,000,000; Shares $25; Assessments not to exceed $10 on a share.

*Subscription List for the Capital Stock*

OF THE

*GREAT WESTERN TELEGRAPH COMPANY.*

"*We, the subscribers hereunto,* for value received, *severally,* but not jointly, *agree to take* the *number of shares* in the capital stock of *The Great Western Telegraph Company* placed opposite our respective names, and *pay for the same* in installments, to-wit:

five per cent on amount paid in, *and the balance as the directors, from time to time, may order.* In consideration thereof, the Great Western Telegraph Company agree, that when forty per cent of the par value of the shares shall have been paid under such orders, and the installment receipts therefor surrendered to the company, the number of shares severally subscribed by the undersigned shall be issued to them as full paid stock of said company.

". . . . . . . . . . . is appointed agent to solicit stock, and receive only the first installment of five per cent, (fifty cents on a share,) at the time of subscribing. 
. . . . . . . . . . . . ., Secretary.

| Names. | Residence. | Date of Subscription. | Number of Shares. |
|---|---|---|---|
| F. D. Gray. | Chicago. | June 11, 1868. | One hundred." |

The declaration admits a payment of $10 upon each share, and avers a balance unpaid of $15 upon each share.

It is alleged by the defendant that the declaration does not state a good cause of action in three respects: First, that the contract of the defendant therein set forth is a limited contract, and provides for the payment, by the defendant, of forty per centum of the par value of the shares subscribed for by him, and no more,—that he paid said forty per centum, and is not liable to pay any further sum; second, that the plaintiff's right of action against defendant on said contract is barred by the Statute of Limitations; third, it does not appear, by the declaration, that the defendant was a party to the proceeding in the circuit court of Cook county, wherein the assessment was ordered.

The construction which defendant would place upon his contract, that the payment of forty per cent of the par value of the shares is a full compliance, and that, having paid such forty per cent, he is not further liable, is not admissible. Defendant's promise to take and pay the par value of the shares is clear and unqualified, and binds him for the payment. The company's promise, when forty per cent is paid to issue certificates for the shares as full paid stock, may well consist with

defendant's promise to pay the par value of the shares, and the issuance of such certificates after the payment of forty per cent, may well consist with the liability remaining on the defendant to pay the other sixty per cent. Such promise of the company, then, does not operate to qualify that made by the defendant, and to limit his liability to the payment of forty per cent of the par value of the shares. To give it that effect it should have been expressly so declared. Nor, as we conceive, do the words at the top of the paper on which the contract is written, "assessments not to exceed $10 on a share," assist to limit the liability of the defendant to $10 on a share. Assuming those words as incorporated into the contract, whatever their meaning may be, we can not assign to them any such effect as to in any way qualify the express promise made by the defendant. In connection, and on the same line with those words, are also the words and figures, "capital $3,000,000, shares $25," showing no intention to reduce the capital stock nor the par value of the shares. In *Upton* v. *Tribilcock*, 91 U. S. 45, the stockholder had a certificate for the whole number of shares agreed to be taken, and the word "non-assessable," together with the amount, "$100," were stamped across the certificate, although only twenty per cent had been paid; and yet the stockholder was held liable for the remaining eighty per cent.

There is nothing in the point as to the Statute of Limitations. Although the contract was made in 1868, it was to pay as the directors, from time to time, might order. The directors neglected to make order for the payment. A court of equity then might make the order in place of the directors. (*Scovill* v. *Thayer*, 105 U. S. 155; *Glenn* v. *Sexton*, 68 Cal. 353.) The order of assessment or call for payment made by that court was in 1886. Until then, as we view it, the cause of action did not accrue, and since then there has not been time for any period of limitation to run. *Scovill* v. *Thayer, supra.*

The claim of the necessity that the defendant should have been a party to the proceeding in the circuit court of Cook county, to admit of this action against him, is rested upon the authority of the cases of *Chandler* v. *Brown*, 77 Ill. 333, and *Lamar Ins. Co.* v. *Gulick*, 102 id. 41.    The former case was a suit by Chandler, receiver of the Lamar Insurance Company, against Brown, a stockholder in the company, to recover payment for his unpaid stock.    The proceeding wherein Chandler had been appointed receiver and the order of assessment was made, was under section 25 of the act of 1872, relating to corporations, which provided that, in the contingency therein named, suits in equity might be brought against all persons stockholders at the time, by joining the corporation in such suit, and that each stockholder might be required to pay his *pro rata* share of the debts of the corporation, and the Lamar Insurance Company was being dissolved and wound up under that section.    It was there said by the court: "It can hardly admit of argument, that to conclude a stockholder by a proceeding under this section, (25) it is indispensable that he should have been made a party thereto, as it provides.    It is incumbent on the plaintiff to show clearly a legal right to institute and carry on the suit.    To this end he should show his appointment (as receiver) by a decree which is conclusive as against the defendant.    This he has failed to do.    It nowhere appears, either by the recitals in the decree copied in the several counts or by distinct averment, that the defendant was a party to this proceeding."  And why should he have been a party to that proceeding?  Because, as had before been stated, the act so provides.    The decision was one merely upon the construction of that section 25,—what it provided,—and is not to be taken as authority to govern in any other case than in one arising under that section.    There was no purpose in that case to depart from the well established general rule, that a court acquires jurisdiction to appoint a receiver of corporate assets by service of process upon the corporation.    The stock-

holder is represented in his interest, as such, by the presence of the corporation. 2 Morawetz on Corp. sec. 822; *Ward* v. *Farwell,* 97 Ill. 593; *Glenn* v. *Williams,* 20 Md. 93; *Sawyer* v. *Upton,* 91 U. S. 56.

*Lamar Ins. Co.* v. *Gulick,* was a suit by this same Lamar Insurance Company, against a stockholder, to recover for unpaid stock, and the court, after stating that the defendant, not having been made a party to the suit wherein the receiver was appointed, or to the proceeding to procure an assessment, was not bound or affected by the orders therein, say: "A case exactly in point in principle, is *Chandler* v. *Brown,* 77 Ill. 333; and as it is conclusive of this view of the law, it will not be necessary to discuss it as a new question in this court." So that the *Gulick case* but followed and affirmed *Chandler* v. *Brown,* and goes to no further extent as an authority than that case, namely, to decide what is the requirement of section 25 of the law of 1872, as to making a stockholder a party in a proceeding under that section.

This Great Western Telegraph Company was organized in the year 1867, under the law of 1849, in relation to telegraph companies. The suit in chancery wherein this receiver, Bowen, was appointed, and this assessment made, was commenced in 1869, and has ever since been pending, so that it was not affected by the act of 1872, and the provisions of that act did not govern the proceedings therein.

The decisions, then, in *Chandler* v. *Brown* and *Lamar Ins. Co.* v. *Gulick,* do not apply here, and we do not regard the objection to the declaration, that it does not show that the defendant was a party to the proceeding wherein the assessment was ordered, as well taken. It is enough, under the general rule and the authorities above referred to, that the corporation was a party to that proceeding. That suit was brought by one Terwilleger and certain other persons, stockholders of the company, on behalf of themselves and all others similarly situated, against the company and others, as defendants. The decla-

ration in the present case avers, and the order of assessment appearing therein sets forth, that the receiver was appointed in the said chancery suit of and for the company and all its property, on October 7, 1874, upon supplemental bill of complaint filed therein, and on account of the mismanagement and malfeasance of the then officers of the company; that the company was indebted to the extent of more than $375,000, which indebtedness was in the form of judgments and decrees theretofore rendered against the company, and was duly proved by the creditors before, and found to be due by the court; that the company had no property, except the amounts remaining due upon stock subscriptions, with which any part of said indebtedness could be paid; that there were about two thousand stockholders of the company, widely scattered through more than twelve different States and Territories of the United States, and in other places, and it was therefore impracticable that all of the said stockholders should be made parties to that proceeding, and it was found that it was necessary and proper that thirty-five per centum of the par value of each share of the capital stock subscribed for by the stockholders should be called for and required to be paid by them for the purpose of paying the said indebtedness, and it was therefore ordered that a call or assessment of said amount of thirty-five per cent be made, that it be paid to the receiver, and the receiver was ordered to proceed at once to collect the sums so ordered to be paid, and to institute suits, in the name of the company, for the purpose of enforcing payments. This order was made on July 10, 1886.

There was here, then, a receiver appointed by a court of equity to collect the assets of the corporation for the benefit of its creditors. The unpaid part of defendant's subscription to the capital stock of the corporation was a part of such assets. The validity of the receiver's appointment can not be questioned in this collateral proceeding. The court had jurisdiction of the subject matter, and acquired jurisdiction to ap-

point the receiver by service of process upon the corporation. Defendant's promise was to pay as the directors, from time to time, might order. The directors, who were defendant's agents, having neglected to make order for payment, a court of equity, in their place, as before said, might make the order. The court here did make such order, and thereupon, or at least after demand made, defendant's legal liability upon his contract was complete to pay the remaining amount of his stock subscription. There was then a perfect cause of action against him. His liability was to pay the entire remaining unpaid amount of sixty per cent of his subscription,—at least to the extent needed to pay the debts of the corporation. Assessing him with only his ratable part thereof (thirty-five per cent) was, in mitigation of his legal liability, doing him an equity, and affording no just cause of complaint. In order for the board of directors to have made a valid order for payment, it. would not be contended, we presume, that defendant should have been before the board. No more, we conceive, was it necessary that defendant should have been before the court, when it, in place of the directors, made the call or order of assessment.

We are of opinion the declaration shows a good cause of action, and that the demurrer to it was improperly sustained.

The judgments of the Appellate and circuit courts will be reversed, and the cause remanded to the circuit court.

*Judgment reversed.*

SCOTT, CRAIG and SHOPE, JJ., dissenting.