## A. J. Hoagland

### v.

## The Great Western Telegraph Company.

*Practice—Inconsistent Instructions—Evidence—Notice to Produce—Corporations—Stock Subscriptions.*

1. This court will not reverse because of inconsistent instructions, where it clearly appears that the jury were not misled.

2. Where a party gives notice to the adverse party to produce papers in his custody, no advantage can be taken of their non-production except the giving of secondary evidence.

3. Where the attorney of the adverse party has in his possession records of the court, which are needed, there can be no complaint of a failure to produce them on notice, the court not having been asked to compel such attorney to restore them.

[Opinion filed March 13, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Richard W. Clifford, Judge, presiding.

Messrs. McMaster & Slanker and Tenney, Bashford & Tenney, for appellant.

Mr. Thomas J. Sutherland, for appellee.

Gary, J. This case in all its material facts (except as to questions upon instructions hereinafter noticed) is like the case of this appellee v. Gray, 122 Ill. 630. If the doctrine

of that case is to be reversed, it is for the Supreme, and not for this court to do it.

One of the defenses set up by the appellant was that before he subscribed to the stock of the company it had all been taken by others, and therefore his subscription was void, as the company had no stock to which his subscription could apply. The appellant urges with reference to that defense that " the instructions given by the court were inconsistent and wholly irreconcilable, and it is not strange that the jury was confused and misled." There was evidence *pro* and *con*, upon the defense, and on behalf of the appellee the court instructed the jury :

" If the jury believe from the evidence that the defendant, A. J. Hoagland, executed and delivered to the plaintiff the contract offered in evidence, to take and pay for 100 shares of the stock of the plaintiff, of the par value of $250, and that he has paid thereon only the sum of $1,000, then the court instructs you, as a matter of law, that there still remains due to the plaintiff from the said defendant upon said contract, after such payment, the further sum of $1,500; and further, that by virtue and under the decree of assessment by this court made and entered in the case of Jeremiah Terwilliger and others against the plaintiff and others on the 10th day of July, A. D. 1886, and which decree has been offered in evidence in this case, the defendant became liable to pay to the plaintiff $8.75 upon each and every of said shares, or a sum total of $8.75 thereon, and that portion of said sum of $1,500 became due and payable to the plaintiff by the defendant, upon and according to the demand of the receiver of the plaintiff ; and you are further instructed that if you believe from the evidence that the receiver of said plaintiff, Elias R. Bowen, either by himself or his authorized agents, made demand upon defendant on the 11th day of August, A. D. 1886, for the payment to him of the said sum of $875 within five days from the date of said demand, and which demand was in writing, and a copy of which has been offered in evidence in this case, and that the said defendant has not paid said sum of money so demanded, then the jury are instructed

that the plaintiff is entitled to recover in this action from the defendant;" and on behalf of the appellant:

" The jury are instructed that if they believe from the evidence in this case that the stock of the plaintiff company was all subscribed prior to and before the taking of the subscription of the defendant, and that at the time of Hoagland's subscription the company had disposed of all its stock, then and in that case they must find the issue for the defendant."

There is a manifest inconsistency in these two instructions, but it is clear that the jury were not misled. Both sides submitted special questions to be answered by the jury. One of those questions by the appellant was: " Was all of the stock of the plaintiff company taken before the subscription of the defendant was received ? " and the jury answered " No.".

The matter of the appellant's instruction above quoted should, for the sake of consistency in form, have been appended to the appellee's as a condition. Had it been so appended, with the words " provided however " interpolated between them, all objections would have been removed, and the answer to the question quoted shows what would have been the verdict with the instructions thus arranged.

The appellant objected to going to trial, and after verdict moved for a new trial, upon the ground that the attorney for the appellee had removed from the office of the clerk, and had in his possession the papers of the chancery suit referred to in the declaration, and that he refused, after notice by appellant's attorneys, to return or produce them.

No order of the court was asked to compel the appellee's attorney to restore the records of the court to their proper custody. Had such an order been asked, the court would doubtless have done (what it might very properly have done without being asked) whatever was necessary for the integrity of its own records. But to the party giving notice to produce and not asking the aid of the court to compel a production of papers, the only right that accrues upon non-production, is, if he shows the papers in the custody of his adversary, to give secondary evidence of their contents. 1 Greenl. Ev., Sec. 560.

C. & E. I. R. R. Co. v. Conners.

If there is any error in this case, it is upon questions which the case in 122 Ill., binds this court to leave untouched. Judge Garnett takes no part in this decision.

*Judgment affirmed.*