THE GREAT WESTERN TELEGRAPH COMPANY, FOR USE, ETC.,

v.

WILLIAM H. BUSH.

*Telegraph Companies — Stock—Subscription — Installments—Assessment—Evidence—Instructions.*

35   213
51   448

1. The payment of an assessment upon corporate stock with knowledge of facts which would warrant a rescission of the subscription thereto, amounts to a waiver thereof.

2. In an action brought to collect an installment upon an alleged subscription to the capital stock of a telegraph company, this court reverses in view of the giving of an erroneous instruction in behalf of the defendant, taking in effect the whole case from the jury and ignoring the question of waiver.

3. It seems that a subscription to capital stock, after the whole has been subscribed for, will not bind the subscriber.

[Opinion filed January 4, 1890.]

IN ERROR to the Circuit Court of Cook County; the Hon. ROLLIN S. WILLIAMSON, Judge, presiding.

Mr. THOMAS J. SUTHERLAND, for plaintiff in error.

Mr. M. R. POWERS, for defendant in error.

GARY, P. J.   This case presents the same state of material facts as were averred in the declaration of these plaintiffs in error v. Gray, 122 Ill. 630, with the addition of all the documentary evidence referred to in Terwilliger v. these same

plaintiffs in error, 59 Ill. 249. The defense in the Circuit Court was, and here is, based upon the proposition that there can never be but one original subscription for the whole capital stock of a corporation, and that as the defendant subscribed after the whole had been taken, he could not be liable to the company as a subscriber, and it would seem that if he had always stood upon that proposition, he might have successfully maintained it.

The transactions between Reeve, Snow and the corporation, as recited in the Terwilliger case, are, however, quite susceptible of the construction that whatever stock the defendant and others in his position subscribed for, had been surrendered by Reeve to the corporation, and was subject to sale by the corporation to new subscribers. There is no indication in this case, as the Supreme Court say there was not in that, that Reeve had ever taken certificates for any stock, and by that decision the new subscribers were declared to be the *bona fide* stockholders.

Doubtless, when informed of the facts as they appeared in that case, with the emphatic declarations of the Supreme Court on page 259 as to their character, the defendant might have repudiated his subscription and demanded back what he had paid on account of it; but he was put to his election whether he would hold the position that the Supreme Court gave him as a *bona fide* stockholder, or rescind for the fraud practiced. He subscribed in 1868. Within a year he paid six per cent. Twelve years later, under an assessment similar to the one sued for, he availed himself of the privilege allowed by that assessment to pay thirty-four per cent more, by surrendering to the then receiver, indebtedness of the corporation which he bought for that purpose. It would seem probable that by that time he had some knowledge or information of the dealings between Reeve, Snow and the corporation. The lapse of time and the litigation in which the corporation had been engaged were facts from which such information might, perhaps, be inferred by a jury. If, with such knowledge and information, he paid, it was a waiver of objections to his subscription and of his right to repudiate it. Field v. Berlizheimer, 9 Ill. App. 464.

Great Western Tel. Co. v. Bush.

The court gave for him this instruction:

"The jury are instructed, as a matter of law, that when all the capital stock of a corporation is subscribed for and taken at the time the articles of incorporation are duly signed and acknowledged by the incorporators, as required by law, no subsequent subscriber, acting in good faith, by merely writing his name in the corporation books and affixing a number of shares to his name, can acquire a right to any shares of stock, or become by such act a stockholder of the corporation, and liable as such for its debts, but all such subscriptions are absolutely null and void, and of no legal effect.

"If the jury believe from the evidence that the capital stock of the Great Western Telegraph Company was fully subscribed for by persons other than the defendant, and allotted to such persons, on or before the 12th day of May, A. D. 1868, and that such articles of incorporation specified the names of all the stockholders; and that the defendant, Bush, was not one of the stockholders of said company; and that his name is not given or specified in the certificate of incorporation in evidence; and that defendant, Bush, in signing said subscription acted in good faith; and that previous to the time he so signed said subscription all the capital stock of the plaintiff company had been subscribed for, and allotted to others, then they must find for the defendant."

This instruction in effect took the whole case from the jury, and was in conflict with the result reached by the Supreme Court in the Terwilliger case. The effect of any waiver is ignored by it. It was therefore erroneous.

The rosy hues with which the agent of the corporation, who procured the subscription of the defendant, tinted the future of the corporation, can not be made the basis of a charge of fraud. Whether the case of these plaintiffs v. Gray is to be adhered to is a question for the Supreme Court. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judge GARNETT takes no part in this decision.