## Bennett v. Great Western Telegraph Company.

1. PARTIES—*Stockholders of a Corporation.*—Where a cause of action relates to property, property rights, or liabilities of the corporation, the stockholders are not necessary parties, but the corporation is the real party in interest, although the result may affect the interests of the stockholders. As to their interest, the corporation is the common representative of all the members.

2. CORPORATIONS — *Judgment Against, Binds the Stockholders.*— Where a creditor seeks his remedy against a corporation and obtains as a result a judgment or decree against it, such judgment or decree binds the stockholders without their having been made parties to the proceeding.

3. STOCKHOLDERS—*Liability for Unpaid Balance on Subscriptions.*— So far as the liability of the stockholder for unpaid balance upon his contract of subscription is concerned his relation to the corporation is personal and a contract relation. His agreement is to pay the amount of his subscription, when lawfully assessed, and the nature of his contract is the same as that of the maker of a promissory note payable on demand.

4. STOCKHOLDERS—*Corporation Not an Agent of.*—A corporation is not an agent of a stockholder in respect to his contract liability, in any other sense than the payee of a note payable on demand, is the agent of the maker to make such demand. When a demand is made, then the relation of debtor and creditor is created.

5. CAPITAL STOCK—*Assignment.*—Where directors of an incorporated company neglected to make an assessment and the court has taken control of it, the court becomes able to exercise its functions and may make the assessment; as it was not necessary for the stockholders to have been before the board of directors when the assessment

was made, so it is not necessary for them to be before the court when it, in place of the directors, makes the order of assessment.

6. INSOLVENT CORPORATIONS — *Assessments upon Capital Stock.*— The levy of an assessment upon the capital stock of an incorporated company is a corporate function and one of the powers of the board of directors, in default of the exercise of which it may be done by a court; but an assessment by the court in the exercise of this power will have no greater effect than an assessment made by the board of directors. It can only do what the directors in the exercise of the same corporate power, might have done, and the stockholder who is not a party to the proceeding can not be concluded by the assessment made by the court, which the directors could not have made.

7. INSOLVENT CORPORATIONS—*Assessment upon Stock Must Be Equitable.*—A person subscribed to the capital stock of an incorporated company and paid the sum of ten dollars upon each of his shares; afterward the corporation became insolvent, and upon application of its creditors, a receiver was appointed. The court in which the proceedings were had ordered an assessment of a certain sum upon all the stock without any distinction between that which was partially paid up, and that upon which no payments were made. *It was held,* that as the directors of the corporation could not legally have made such an assessment, the court could not make it, and that a stockholder who was not a party to proceedings in court was not concluded by it.

**Memorandum.**—Action upon a contract of subscription. Appeal from the Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the May term, 1893. Opinion filed December 12, 1893.

The statement of facts is contained in the opinion of the court.

APPELLANT'S BRIEF, MAYO & WIDMER, ATTORNEYS.

Justice between the shareholders of a corporation requires that all the shareholders should contribute in respect of their shares at the same time and in ratable amounts; a call requiring some shareholders to pay in more than others would therefore be invalid. But if some shareholders have already contributed more than others, it would be not only the right, but the duty, of the directors to make calls upon the other shareholders in such amounts as to equalize the contributions of all. 1 Morawetz on Private Corp., Sec. 154; Great Western Telegraph Co. v. Burnham, 79 Wis. 47; Bowen, Receiver, etc., v. Kuehn, Ibid. 53; Bangs, Receiver, etc., v. Duckenfield, 18 N. Y. 592.

THOMAS J. SUTHERLAND and LESTER H. STRAWN, attorneys for appellee.

MR. JUSTICE CARTWRIGHT DELIVERED THE OPINION OF THE COURT.

The Great Western Telegraph Company for the use of Elias R. Bowen, receiver, brought this suit in assumpsit against William J. Bennett, to recover the amount of a call or assessment on shares of capital stock of said company subscribed for by said Bennett. The court overruled a demurrer to the amended declaration, and the defendant electing to abide by his demurrer, judgment was rendered against him for $280.97 damages, and costs of suit.

The declaration averred that the plaintiff was a corporation organized in the year 1867, with a capital stock of $3,000,000, divided into shares of $25 each; that defendant, in 1868, subscribed for twenty-five shares, and agreed to pay five per cent of their par value at that time, and to pay the balance from time to time as the directors of the plaintiff should order; that the stock was all subscribed for with similar agreements; that a suit in chancery was begun in 1869, by one Terwilliger and others, stockholders of plaintiff, against plaintiff and others, in the Circuit Court of Cook County, Illinois, in which suit plaintiff was summoned and appeared; that said Circuit Court in said suit in 1874 took jurisdiction and control of plaintiff and its powers, property and affairs, and appointed a receiver for plaintiff, and that on July 10, 1886, said court entered a decree in said cause finding that plaintiff was indebted to the extent of more than $375,000; that the only means that plaintiff had for the payment of said indebtedness were the balances remaining unpaid on its stock subscriptions; that a few of said stockholders had paid in, in full, the sum of $25 on each share; that some had paid forty per cent, or $10 on each share; and that many had paid only fifty cents on each share; that many owed sixty per cent, and many much more than sixty per cent of the par value of their shares; and said court by said decree ordered that a call or assess-

ment be made of thirty-five per cent of the par value of the shares, being $8.75 on each share, except on those shares paid for in full; that the amounts so assessed should be paid to the receiver on demand, and that he should make demands and institute suits to enforce payments. It was further averred that defendant had paid $10 on each share subscribed for by him, amounting to $250, and that the receiver had demanded from him the sum of $218.75 under the decree.

The only question raised is whether the assessment averred in the declaration, made by the Circuit Court of Cook County, was valid as against a stockholder, not a party to that suit, who had paid forty per cent of the par value of his shares, and who was assessed the same amount upon each share as those who had paid but two per cent. The contract of defendant was to pay for the shares of stock in installments, from time to time, as the directors might order. His shares gave him only a proportionate right in the assets of the corporation, and its burdens should be borne in the same ratio. Justice between him and the other stockholders required that they should be called upon to contribute ratably to the funds of the corporation, so that each should bear his just proportion of the liabilities of the insolvent corporation. It would be essential to the validity of an assessment made by the directors that the contributions of the stockholders should be equalized in accordance with those principles. The assessment made by the court amounted to an order that the defendant should pay in more on his shares than others paid on theirs, and this was shown on the face of the assessment. If made by the directors it would be invalid. 1 Morawetz on Priv. Corp., Sec. 154.

But it is insisted that the assessment, however unequal, was conclusive against the defendant, without any opportunity of being heard, because it was made by a court in a proceeding where it had jurisdiction of the corporation. The claim is that in the levy of the assessment he was represented by the corporation before the court, and therefore he was concluded. It is settled that the interests of stock-

holders, in their relations as such, are represented by the presence of the corporation in a litigation affecting those interests. Great Western Telegraph Co. v. Gray, 122 Ill. 630; Bates v. Great Western Telegraph Co., 134 Ill. 536. Where a cause of action relates to property, property rights, or liabilities of the corporation, the stockholders are not necessary parties, but the corporation is the real party in interest, although the result will affect the interests of stockholders. As to those interests, the corporation is the common representative of all the members. The creditor seeks his remedy against the corporation, and a valid judgment or decree against it binds the stockholders. The interest of the defendant, in his relation as a member of the corporation, was the right to a given share in its assets after the payment of liabilities. By becoming a stockholder he submitted himself to be represented by the corporation in the management of the corporate property and franchises in which he thus acquired an interest. The declaration alleged that the Circuit Court of Cook County, having jurisdiction of the corporation, took control of it and its powers, property and affairs, and that liabilities were established against it. The defendant could not in this suit question the action of the court in those matters, for his interest in them is the same as the body of the stockholders which is represented by the corporation. The property and franchise taken and placed in the hands of the receiver belonged to the corporation, and the liabilities established were liabilities of the corporation as such. The interest of the defendant as a stockholder, as we understand it, is such interest as arises out of the relation, and is common to stockholders. As to any such interest, not distinguishable in character or kind from that of the body of the stockholders, he was represented in the suit by the corporation, which represented such body of stockholders.

But so far as his liability for an unpaid balance on his contract of subscription was concerned, his relation to the corporation was personal, and was a contract relation. He agreed to pay the amount of his subscription when lawfully

assessed, and the nature of his contract was the same as that of the maker of a promissory note payable on demand. White v. Smith, 77 Ill. 351; Goshen Turnpike Co. v. Hurtin, 9 Johns. 217.

The corporation was not his agent in respect to such contract liability in any other sense than the payee of a note payable on demand is the agent of the maker to make such demand. If a lawful demand should be made, the relation of debtor and creditor would be created. The relation involved his supposed individual liability to the corporation, and not the interest acquired in it by stockholders.

The distinction between cases where nothing is required of stockholders personally, and cases where an attempt is made to charge them personally, is clearly drawn by the Supreme Court in Ward v. Farwell, 97 Ill. 593. Under the rules there stated, it would seem clear that the Circuit Court of Cook County could not enter a decree against defendant personally, in the suit where he was not a party, for the $218.75 here sued for, and proceed to its collection. But it is contended that it has jurisdiction to do what amounts to the same thing, strip him of all defense, and leave to another court the task of entering judgment in accordance with its binding decree. Counsel for appellee say that the law has been so finally settled by the Supreme Court in the case of Great Western Telegraph Co. v. Gray, *supra*. We do not so understand. The question was not presented to the court or decided. What is there held concerning the assessment is that the directors having neglected to make the assessment, the court, in their place, might make it, and that, as it was not necessary for a stockholder to have been before the board when an assessment was made, it was no more necessary for him to have been before the court when it, in place of the directors, made the call or order of assessment. The court had taken control of the corporation, and had become entitled to exercise its functions. It clearly appears that the levy of the assessment was the exercise of a corporate function. It was among the powers of the board of directors, and in default of the exercise of the power by

them, it was levied by the court. We find no intimation that the act of the court, in the exercise of the power in their stead, would have any greater effect than an assessment made by them would have had. It seems to us that the court could only do what the board, in the exercise of the same corporate power, might have done, and that the defendant, who was not a party to the proceeding, was not concluded by an assessment which the board could not have made.

This assessment has been held void as against a stockholder who had paid $10 on each share, by the Supreme Court of Wisconsin, as in violation of the principle of equality, and, as we think, upon good grounds. Great Western Telegraph Co. v. Burnham, 79 Wis. 47.

We are of the opinion that the demurrer should have been sustained. The judgment will be reversed and the cause remanded.