# Newton's Estate.

*Corporations—Stock—Subscription—Statute of limitations.*

An action must be brought against a stockholder of an insolvent corporation on a subscription for unpaid capital stock within six years of the insolvency of the company. Otherwise it will be barred by the statute of limitations. The right of action arises upon the insolvency, and not upon an assessment or call made after the insolvency has fixed the rights of all parties concerned. In such a case the lex fori and not the law of the domicile of the corporation controls.

Argued Dec. 9, 1910. Appeal, No. 209, Oct. T., 1910, by F. Morse Arthur, substituted receiver of American Alkali Company, from decree of O. C. Montgomery Co., sustaining exceptions to adjudication in estate of George

J. Newton, deceased.   Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.   Affirmed.

Exceptions to adjudication.

The opinion of the Superior Court states the case.

*Error assigned* was in sustaining exceptions to adjudication.

*M. Lloyd*, of *Brown & Lloyd*, for appellant.—A New Jersey corporation may not call upon its stockholders until a call has been duly made: Braddock v. R. R. Co., 45 N. J. Law, 363.

The appointment of a receiver does not per se authorize the receiver to collect the amount unpaid upon the stock of the stockholders: Glenn v. Macon, 32 Fed. Repr. 7; Glenn v. Marbury, 145 U. S. 499 (12 Sup. Ct. Repr. 914).

The New Jersey law governs, and must be enforced in Pennsylvania: Glenn v. Liggett, 135 U. S. 533 (10 Sup. Ct. Repr. 867); New Jersey Midland Ry. Co. v. Strait, 35 N. J. Law, 322; Cumberland Lumber Co. v. Clinton Hill Lumber Co., 57 N. J. Eq. 627 (42 Atl. Repr. 585); McCarter v. Ketcham, 72 N. J. Law, 247 (62 Atl. Repr. 693).

*Ralph B. Evans*, with him *Frank P. Prichard*, for appellee.—Under the law of Pennsylvania, the statute of limitations begins to run against the right to collect unpaid installments of stock of an insolvent stock company from the date of the insolvency of the company: Swearingen v. Dairy Co., 198 Pa. 68; Cook v. Carpenter, 212 Pa. 165; Schofield v. Turner, 213 Pa. 548; Franklin Savings Bank v. Bridges, 20 W. N. C. 43; Noonan v. Pardee, 200 Pa. 474; Guarantee Trust & Safe Deposit Co. v. Nat. Bank, 202 Pa. 94.

The application of the statute of limitations is to be determined by the law of Pennsylvania, and not by the

law of New Jersey: Platt v. Wilmot, 193 U. S. 602 (24 Sup. Ct. Repr. 542); Great Western Tel. Co. v. Purdy, 162 U. S. 329 (16 Sup. Ct. Repr. 810); Watson v. Brewster, 1 Pa. 381.

OPINION BY HENDERSON, J., March 3, 1911:

The question presented is, When does the time begin to run within which an action must be brought against a stockholder of an insolvent corporation on a subscription for unpaid capital stock to prevent the bar of the statute of limitations?  The same question arose in Franklin Savings Bank v. Bridges, 20 W. N. C. 43.  In that case the action was brought by the assignee of the insolvent corporation and the action having been brought more than six years after the insolvency the court below granted a nonsuit which judgment was affirmed by the Supreme Court.  The case was put on the ground that by the act of insolvency the creditors of the corporation were in the position of one to whom the obligation is due on demand or who could make demand upon the doing of an act himself, and that if an assessment or decree of the court were necessary to entitle the plaintiff to sue such order could have been made and the assignee as the representative of the creditors should have taken that action.  By the fact of the assignment the creditors were entitled to demand the performance of the subscriber's contract to pay.  This case was approved in Swearingen v. Sewickley Dairy Co., 198 Pa. 68, where it was said that unpaid stock subscriptions are a fund in the hands of the stockholders charged with a trust for the payment of the corporate debts which trust does not exist by reason of any statute but is founded on principles of equity on the theory that the capital is pledged as security to those who deal with the corporation.  As long as the corporation is solvent the subscription is payable in accordance with the terms of the contract, but when it becomes insolvent the contract between it and the subscriber is terminated and the liability thereunder is for as much of the sub-

scription as is necessary to pay the subscriber's proportion of the debts of the corporation. In that connection the court said: "It would seem that the status of the stockholder as holder of a fund liable at least contingently to the creditors, must be fixed at the time and by the fact of the ascertainment of insolvency. It is the general rule that insolvency fixes the relative rights of all the parties concerned. From that moment the unpaid subscriptions become part of the assets for payment of the creditors." The conclusion of the court was: "The right of action of the plaintiff, whatever it was, accrued upon the fact of insolvency of the dairy company shown by the assignment for the benefit of creditors, and the statute of limitations began to run from that date." It was accordingly held that the bill to enforce contribution could not be sustained. In Cook v. Carpenter, Lipper's Appeal, 212 Pa. 165, Chief Justice Mitchell in referring to Franklin Savings Bank v. Bridges, said: "there the corporation had been insolvent for more than six years and the decision was put explicitly on that ground which is now well settled." And in Schofield v. Turner, 213 Pa. 548, the decision in Swearingen v. Dairy Co. 198 Pa. 68, was considered and the decision stated again with approval. The plaintiff's action is on the contract of the stockholder. The order of the court authorizing an assessment on the stockholders who had not paid their shares in full was such an act as might have been made by the corporation before the appointment of a receiver and the court, in making it, took the place of the directors, having taken control of the affairs of the corporation by the appointment of a receiver: Hawkins v. Glenn, 131 U. S. 319; Great Western Tel. Co. v. Gray, 122 Ill. 630; Scovill v. Thayer, 105 U. S. 143. The order authorizing the assessment was not a judgment. Its effect did not merge the cause of action against any stockholder on his contract of subscription. It was conclusive evidence of the necessity for making the assessment and bound the stockholders without personal notice to that extent, but the

stockholder sued had the right to set up any defense which he might have to an action on the contract, among which defenses is the plea of the statute of limitations: Great Western Tel. Co. v. Purdy, 162 U. S. 329. It is undoubtedly true that in some of the states and in the federal courts the right of action is said to arise when the assessment or call is made on the subscription, but this is not the rule in Pennsylvania as declared in the cases referred to. The act of insolvency of the corporation fixes the period from which time is to be measured in determining the operation of the statute of limitations. It is said, however, that the question should be determined by the law of New Jersey within which jurisdiction the corporation was created, but we cannot agree with the appellant's view of this proposition. The limitation of actions is governed by the lex fori and is regulated by the legislation of the state in which the action is brought, notwithstanding the fact that the legislation or the judicial construction is different from that prevailing in other jurisdictions: Bauserman v. Blunt, 147 U. S. 647; Balkam v. Woodstock Iron Co., 154 U. S. 177; Great Western Tel. Co. v. Purdy, 162 U. S. 329; Platt v. Wilmot, 193 U. S. 602; Andrews v. Herriot, 4 Cowen, 508; Watson v. Brewster, 1 Pa. *381.

The judgment is affirmed.