Matthias, J.'
The record discloses that the demurrer to the first defense of the answer was treated in the, trial court as a motion to strike out that defense on the ground that it constituted a sham pleading, a pleading not filed in good faith, and intended only for delay; and upon hearing it was sustained.
The evidence adduced upon that hearing was not incorporated in the bill of exceptions and consequently was not presented to the court of appeals. That court, recognizing the presumption of the legality of the proceedings in the trial court, and assuming in the absence of any record covering that branch of the case that the finding was justified by the evidence adduced, refused to review the finding and judgment in so far as it affected the first defense of the answer.
The authority of the trial court to order a sham pleading stricken from the files has been recognized by this court and such procedure approved in the case of White v. Calhoun et al.} 83 Ohio St., 401. No record having been presented disclosing the evidence submitted to the trial court touching that question, the court of appeals very properly assumed that the evidence was such as to warrant the finding made by the trial court and to support its judgment.
The liability sought to be enforced in this action is a liability for unpaid subscription to the capital stock of The Dayton Iron Store Company. The facts disclosed by the pleadings, essential to a consideration of the questions of law presented, may be briefly stated as follows:
*237 Allen E. Thomas subscribed for 25 shares of the common stock of The Dayton Iron Store Company of the par value of $100 each, no part of which was paid. He died July 4, 1910; his executors were appointed and qualified July 18, 1910; a receiver of The Dayton Iron Store Company was appointed October 21, 1911; the final account of the executors of the estate of Allen E. Thomas was filed and said estate closed January 2, 1912, and the defendant as residuary legatee under the will of said Allen E. Thomas received property of value greatly in excess of the amount which is now claimed and sought to be recovered upon the unpaid stock subscription of said Allen E. Thomas.
Upon representations made to the court by the receiver theretofore appointed, that subscriptions to the common stock of the company were unpaid, a special master.was appointed, and, pursuant to the order of the court appointing him, such master on October 3, 1914, reported that none of the common stock was paid for, though all was validly issued; that there was a balance of unpaid debts of said company of $12,352.03; that Allen E. Thomas had subscribed for 25 shares of common stock of said company of the par value of $100 each; and that in order to pay the balance of debts remaining after having reduced to money the property of the company and distributed the same it was necessary that each subscriber of said common stock pay 49.41 per cent, of the par value of his respective subscription. The court on January 12, 1915, approved and confirmed said report in all respects and directed the receiver to institute *238 actions to recover such portion of each stock subscription not paid by May 10, 1915. This action was instituted May 15, 1915.
The right to maintain this suit against the defendant to recover from her the amount due on the unpaid stock subscription of Allen E. Thomas, or any part thereof, is challenged chiefly upon the ground that the action is barred by virtue of the provisions of Section 10746, General Code, which are as follows:
“No executor or administrator, shall be held to answer to the suit of any creditor of the deceased unless it be commenced within eighteen months from the time of his giving bond except as hereinafter provided. A creditor whose cause of action accrues after the expiration of eighteen months from the time the executor or administrator gave bond according to law, and before such estate is fully administered, may begin-and prosecute such action within six months after the accruing of such cause, and before the estate is fully administered. No cause of action against an executor or administrator shall be barred, by lapse of time, until the expiration of six months from the time it accrues.”
The contention of the defendant that action against her is barred by the provisions of this section rests upon the theory that the cause of action accrued upon the appointment of the receiver of The Dayton Iron Store Company, October 21,1911; that it was incumbent upon him to present the claim for the amount due upon such stock subscription to the executors and institute action to recover the same from them within the period *239 limited by the provisions of the section above quoted; and that the claim not having been sued upon within such time no action could thereafter be maintained against the executors or against this defendant.
The amendment of Section 3, Article XIII of the State Constitution, was in effect at the time of the incorporation of The Dayton Iron Store Company, and therefore no stockholder was “individually liable otherwise than for the unpaid stock owned by him or her.” It is only -that liability which is sought to be enforced in this action, and it arises from the subscription of Allen E. Thomas for the stock of said corporation. That subscription was made with reference to the statute then in force, and its terms became a part of the contract. Under the provisions of Section 8632, General Code, 10 per cent, of the amount subscribed for capital stock was due at the time of making such subscription, and the remainder of the amount subscribed was required to be paid in such installments •at the times and places and to such persons as the directors required.
As said by the court in the case of Hood v. McNaughton, 54 N. J. L., 425: “The subscription to the stock and the acceptance of a certificate for the shares constitute a contract between the subscriber and the company by which the subscriber engages to pay the remaining installments on demand by "the corporation.”
It is now well settled in this state, that the liability for unpaid stock subscription arises from the,.contract .between the subscriber for .stock and *240 the corporation. (Bauman v. Kiskadden, Trustee, 94 Ohio St., 130.) It was held in the case of Warner v. Callender, 20 Ohio St., 190, that action to recover upon unpaid written stock subscription is not barred until fifteen years after call was made for the same. And in the opinion in the case of Bauman v. Riskadden, supra, it is stated at page 138: “If a stockholder owe an unpaid amount upon his subscription for stock, then this amount constitutes an asset of the corporation which may be enforced under the provisions of our statutes by the directors after call.” It clearly appears, therefore, that 10 per cent, of the amount subscribed for stock was due at the time the subscription was made. A right of action then accrued for such 10 per cent., and the claim to that extent is barred by the statute. That fact is unimportant in this case for the reason that the remaining 90 per cent, was subject to call, and only 49.41 per cent, is demanded in this action. The remaining 90 per cent, of the amount subscribed became due and payable only at such time and in such installments as determined and required by the board of directors. It is clear that had the affairs of the corporation continued under the control of its board of directors it would have been necessary that a call be made for the amount required to be paid upon stock subscription before an action could be maintained to recover the same, and that the defense now interposed would, under those circumstances, be unavailable in a suit to recover after call duly made by the board of directors, for the reason that a-claim for unpaid stock subscription *241 against a stockholder or against the estate of a deceased stockholder would not become absolute until call therefor was made by the board of directors.
In the case of the The Great Western Telegraph Co. v. Gray, 122 Ill., 630, the court held that “Where a contract of subscription to the capital stock of a corporation provides for payments in installments, as from time to time ordered by the board of directors, no cause of action will accrue until an installment is assessed and ordered to be paid.”
A similar view was expressed by. this court in the case of The Mansfield, Coldzvater & Lake Michigan Rd. Co. v. Hall, 26 Ohio St., 310. It was there held, in construing provisions similar to those contained in Section 8632, General Code, that, in a suit to recover unpaid installments of stock, an allegation that the board of directors required subscriptions to its stock to be paid in installments of a certain amount, at a certain time and place, was material to the right of recovery.
To the same import and effect is the holding of the court in the case of Kilbreath v. Gaylord, Admr., 34 Ohio St., 305.
In the case of the Lake Phalen Land & Improvement Co. v. Lindeke et al., 66 Minn., 209, it appeared that a subscriber for stock, which was to “be paid in when called for by its board of directors,” died intestate before a call was made, and that after his estate was administered and the residue distributed to the heirs and next of kin by decree of the probate court, and the administrator discharged, the hoard of directors made an assess *242 ment upon the. stock and required that a specified portion of the amounts subscribed be paid. It was there held that such assessment or call was a condition precedent to a recovery of the amount so called or assessed; that the claim for the same, before such call, was a contingent claim, which could not be proved in the probate court, and that an action would lie for the-amount thereof against the distributees, to the extent -of assets received by them.
Under a state of facts somewhat similar, appearing in the case of South Milwaukee Co. v. Murphy et al. 112 Wis., 614, it was held that a debt, so long as it is wholly unknown whether there will ever be an absolute liability to discharge it, is a mere contingent claim, and that a subscription liability to pay for stock in a corporation is of that character. In that case the court further held that there was no way whereby, in advance of a call regularly made, the liability upon the subscription contract could have been valued and extinguished by payment, or of determining whether any payment whatever would be required, and, consequently, that the claim was only contingent and would not be affected by statutes of limitation while such character continued to exist, and, where it did not become absolute until after the expiration of the time limited for filing claims in administration proceedings, an action would lie against the legatees or next of kin of the deceased stock subscriber to recover the value of assets received by them or sufficient thereof to satisfy such claim.
*243 In the case at bar no call was made by the board of directors for the unpaid stock subscriptions, nor for the payment of any part thereof. There was no ascertainment of the amount required to be paid on such unpaid stock subscriptions until the action of the court approving the finding and report of the master commissioner. Prior to that time the claim was only contingent and the amount which might be required, if any, was indefinite and uncertain. It does not appear that it was theretofore either ascertained or ascertainable. It was a liability of the estate of Allen E. Thomas, but, under the terms of the contract, due only at the times and iñ the installments specified by call of the board of directors. As we have seen no call was made nor was any action taken equivalent thereto until the finding and order of the court January 12, 1915.
The authorities are not in accord, but the rule adopted and followed in many jurisdictions is that until an account has been taken and an order of the court made in the nature of a call upon the shareholders the receiver cannot maintain an action against them, and such rule has been applied particularly where the total amount due from the shareholders will, if collected, be much more than sufficient to pay the ■ corporate debt; and either an assessment by the directors of the necessary amount, or an order of a court of equity as a substitute for such assessment, is necessary as a preliminary to a right to sue a shareholder at law for the unpaid balance of his stock subscription. 7 *244 Ruling Case Law, Sections 371 and 401; 10 Cyc., 732, and 4 Thompson on Corporations (2 ed.), Section 3886, and cases cited.
In the case of Great Western Telegraph Co. v. Gray, supra, it appeared that a party in 1868 subscribed to the capital stock of a corporation, to be paid for in such installments as might from time to time be ordered, and on assessments or call paid 40 per cent, of the par value of his stock. The directors failed to make any order for the payment of the balance and a court of equity at the suit of creditors in 1886 made an order of assessment or call for payment on the subscription. The court held that the limitation as to the unpaid subscription did not commence to run before such order of the court in 1886.
If under the circumstances presented by the instant case a right of action for the recovery of unpaid stock subscription accrued only upon the order of the court, heretofore referred to, a suit against the executors of said estate to recover the unpaid subscription of Allen E. Thomas was precluded by force of the provisions of Section 10746, General Code. The eighteen months period during which such suit could be brought had expired and said estate had been fully administered. The defendant as residuary legatee received property of value far in excess of the claim asserted by the receiver. Had this claim been enforceable prior to the final settlement of said estate, it would have been paid out of the assets of the estate before distribution, and the amount thereafter received by the defendant would have been diminished to that *245 extent. The claim having become absolute and enforceable subséquent to the settlement of the estate and subsequent to the expiration of time fixed by-statute within which actions may be brought against executors, we perceive no valid reason why suit may not be maintained against the defendant by virtue of the provisions of Sections 10876 and 10877, General Code, if commenced within one year after the time when the right of action accrued, as required by the provisions of Section 10878, General Code. That requirement was complied with in this case.
There is no virtue in the defense that neither the defendant, nor the executors, nor stockholders individually, were made parties to or notified of the proceeding in the receivership case. Swing, Trustee, v. Rose, 75 Ohio St., 355.
The court in making the order upon which this suit is predicated did only what it would have been the duty of the board of directors to do had the affairs of the company continued under its supervision and control. (7 Ruling Case Law, Section 366.) Upon this point the language used by the court in the case of Great Western Telegraph Co. v. Gray, supra, is so terse and so apt that we adopt it:
“Defendant’s promise was to pay as the directors, from time to time, might order. The directors, who were defendant’s agents, having neglected to make order for payment, a court of equity, in their place, as before said, might make the order. The court here did make such order, and thereupon, or at least after demand made, defendant’s *246 legal liability upon his contract was complete to pay the remaining amount of his stock subscription. There was then a perfect cause of action against him. His liability was to pay the entire remaining unpaid amount of sixty per cent, of his subscription, — at least to the extent needed to pay the debts of the corporation. Assessing him with only his ratable part thereof (thirty-five per cent.) was, in mitigation of his legal liability, doing him an equity, and affording no just cause of complaint. In order for the board of directors to have made a valid order for payment, it would not be contended, we presume, that defendant should have been before the board. No more, we conceive, was it necessary that defendant should have been before the court, when it, in place of the directors, made the call or order of assessment.”
The defendant could interpose any defense in this suit which Allen E. Thomas could have asserted, but no defense has been interposed which can defeat the claim for the portion of such unpaid stock subscription which is sought to be recovered in this action. The judgment is therefore affirmed.

Judgment affirmed.

Nichols, C. J., Wanamaker, Newman, Jones, Johnson and Donahue, JJ., concur.