## BAUMAN v. KISKADDEN, TRUSTEE.

*Statute of limitations — Action to recover unpaid stock subscrip-*
*tions—Section 8688, General Code—Providing eighteen months*
*— Applies only to double or secondary liability.*

The limitation of eighteen months, prescribed in Section 8688,
General Code, applies to actions enforcing the double or sec-
ondary liability of stockholders and does not apply to actions
based upon the recovery of unpaid subscriptions for corporate
stock.

(No. 15041 — Decided April 11, 1916.)

CERTIFIED by the Court of Appeals of Lucas
county.

On October 29, 1913, Alexander Kiskadden, as
trustee in bankruptcy of The Fostoria Undermus-
lin Company, filed a petition in the court of com-
mon pleas of Lucas county, of which the following
is a copy:

"The plaintiff Alexander Kiskadden for cause
of action against the defendant Albert V. Bauman
says:

"That on or about the first day of November,
1904, The C. C. Anderson Manufacturing Com-
pany was a corporation created under the laws of
the state of Ohio, having an authorized capital
stock of one hundred thousand dollars—divided in-
to shares of one hundred dollars each.

"That on said first day of November, 1904, said
Albert V. Bauman and one Carl C. Anderson were
the owners of certain articles of personal property
and also of certain real estate situated in the city
of Fostoria, Seneca county, Ohio, which personal

property and real estate had before that time been used by them in the manufacture of underwear.

"That on said first day of November, 1904, said Albert V. Bauman and Annie Rose G. Bauman his wife and said Carl C. Anderson and Helen May Anderson his wife and John J. Anderson the father of said Carl C. Anderson were all stockholders and directors of said corporation and were all the directors and stockholders thereof.

"That on said first day of November, 1904, for the purpose of obtaining thirty thousand dollars of the capital stock of said corporation said Albert V. Bauman by a written agreement with said other directors of said corporation procured them to issue to him said stock to that amount and which capital stock was then so issued to him in payment for which he delivered to said corporation a one-half interest in the articles of personal property above mentioned and a one-half interest in the real estate above referred to, which interest in said personal property and said real estate so transferred to said corporation was of much less value than twenty thousand dollars, as was then well known to said Albert V. Bauman and to all the other directors of said corporation but which interest in said property was then wrongfully received and accepted by said directors of said corporation in full payment for the capital stock of said corporation to the amount of thirty thousand dollars and that no other or further payment for said capital stock has at any time been made by said Albert V. Bauman.

"That the facts attending the fraudulent procurement of said $30,000 of said capital stock of said corporation as above stated were not known to the plaintiff nor to the creditors of said corporation nor to any person except said directors of said corporation until July, 1910.

"That afterwards on or about the nineteenth day of April, 1909, the name of said The C. C. Anderson Manufacturing Company was duly changed to The Fostoria Undermuslin Company.

"That said The Fostoria Undermuslin Company was duly adjudged a bankrupt on or about the fourth day of November, 1909, and the plaintiff was afterwards duly appointed trustee in bankruptcy of said corporation and he is now acting as such trustee; and that the liabilities of said corporation, so far as known, are one hundred and eighty thousand dollars ($180,000), and the assets of said corporation, so far as known, are one hundred and ten thousand dollars ($110,000).

"Wherefore the plaintiff as such trustee prays for a judgment against said defendant for the sum of ten thousand dollars with interest thereon from and after November 4, 1904."

A demurrer to the petition was sustained by the court of common pleas and, plaintiff not desiring to plead further, judgment was rendered against him for costs. Error was prosecuted to the court of appeals, and that court found that the court of common pleas had erred in sustaining the demurrer to the petition. The judges further found that the judgment of reversal, upon which they had agreed, was in conflict with the judgment pronounced upon

the same question by the court of appeals of Seneca county, and certified the record of the case to this court for review and final determination.

*Mr. H. C. DeRan,* for plaintiff in error.

*Messrs. Denman & Wilson* and *Messrs. Mc-Cauley & Weller,* for defendant in error.

Jones, J.  In this case the trustee in bankruptcy seeks to recover from the stockholder the difference between the par value of the stock which was issued to him, under a written agreement, and the value of the real and personal property which was turned over to the corporation in payment thereof, manifestly seeking relief under the principle announced in the case of *Gates, Admr.,* v. *The Tippecanoe Stone Co. et al.,* 57 Ohio St., 60.

In sustaining the demurrer the court of common pleas held that Section 8688, General Code, applied to cases of this class and that the action was barred. On the other hand, counsel for the trustee contend that the section above noted applies only to what is known as the double liability of stockholders, and that it does not affect actions upon subscriptions for unpaid stock.  This view was adopted by the court of appeals.

Section 8688, General Code, must be read and construed in connection with the two sections relating to the same subject, and which immediately precede it.  They are as follows:

"Sec. 8686.  The stockholders of a corporation who are holders of its shares at a time when its debts and liabilities are enforcible against them,

shall be held liable, equally and ratably, but not one for another, in addition to their stock in an amount equal thereto, to the creditors of the corporation, to secure the payment of such debts and liabilities. No stockholder who transfers his stock in good faith, if such transfer is made on the books of the company or on the back of the certificate of stock properly witnessed or tendered for transfer on its books prior to the time when such debts and liabilities are so enforcible, may be held to pay any portion thereof."

"Sec. 8687.   The next preceding section shall not apply to stockholders in a corporation created after the twenty-third of November, 1903, nor to debts or liabilities of a corporation incurred after such date.   As to all debts and liabilities of corporations for profit incurred after such date, the stockholders thereof shall be under no liabilities other than those stated in Article XIII, Section three, of the Constitution of Ohio."

"Sec. 8688.   An action upon the liability of stockholders under the two next preceding sections can only be brought within eighteen months after the debt or obligation shall become enforcible against stockholders."

The constitutional provision adopted November 3, 1903, referred to in Section 8687, is as follows:

"Dues from private corporations shall be secured by such means as may be prescribed by law, but in no case shall any stockholder be individually liable otherwise than for the unpaid stock owned by him or her."

In the analysis and determination of the question

involved it is important to note that these code sections relate to the same subject-matter and were embodied by the legislature of the state in a single enactment, and furthermore that prior to the adoption of Section 8687, General Code, the limitation section (Section 8688, General Code, formerly Section 3258a, Revised Statutes) had acquired a fixed meaning, established by the act of its creation (95 O. L., 312), applying such limitation solely to a double stock liability. The question, therefore, remains, What is meant by the term "liability of stockholders" found within these three codified sections? Does this term, as variously used in these cognate sections, include the liability or obligation due upon an unpaid subscription for stock? We have no hesitation in holding that it does not. Unquestionably, before the adoption of Section 8687, General Code, it cannot be claimed otherwise than that the entire subject-matter referred only to the double liability of stockholders. The adoption of the later section has changed neither the meaning nor the intent of the act.

Section 8687, General Code, is merely a qualification or limitation upon the preceding section, and was not intended to and does not create any additional liability other than that mentioned in the preceding section, upon which it rests and of which it formed a part when originally adopted. An examination of Section 8686, General Code, discloses that the subject-matter under legislation was simply the stock liability, or what is known as the double liability, under the constitution and laws of this state. No other meaning could attach to the lan-

guage used therein, "shall be held liable, equally and ratably, but not one for another, in addition to their stock in an amount equal thereto." Obviously this section cannot apply otherwise than to the double stock liability. Furthermore, while Section 8687, General Code, releases corporate stockholders in corporations created subsequently to November, 1903, from liability as stockholders, evidently it does not include a liability for unpaid subscription, for a stockholder would be liable for an obligation of that character whether the corporation was created before or after the date named. But it is insisted that the latter portion of Section 8687, General Code, when considered with Article XIII, Section 3, of the Ohio Constitution, imposes a positive liability thereunder for the unpaid subscriptions for stock. These sections do no more than recognize an existing obligation upon the part of the stockholder to pay his stock subscription. This obligation rests upon the stockholder irrespective of the constitution and statute. It is not an obligation created by law, but one resting upon contract between the stockholder and the corporation. It is a corporate asset. The present provision of Article XIII, Section 3, of the Constitution, in this regard, is substantially similar to the constitutional provision upon that subject before its amendment. In the various cases touching the liability of stockholders considered by the supreme court of this state, the term "liability of stockholders" had obtained a well-recognized definition. In every case treating of the subject of "stockholders' liability" or the "liability of stockholders"

the supreme court recognized that those terms comprehended only the double liability imposed by the constitution and statutes of the state and did not include an obligation or liability upon the part of the stockholder to pay for his unpaid stock.

The distinction between the liability of a stockholder under these statutes and his obligation to pay unpaid subscription upon stock, and the further distinction between their legal and contractual character, has been recognized in the following cases: *Wright et al.* v. *McCormack et al.,* 17 Ohio St., 86; *Hawkins* v. *Furnace Co.,* 40 Ohio St., 507; *Barrick* v. *Gifford et al.,* 47 Ohio St., 180, 184, and *Peter* v. *The Farrel Foundry & Machine Co.,* 53 Ohio St., 534.

In *Hawkins* v. *Furnace Co., supra,* speaking of this statutory liability of stockholders, the court said, at page 513: " 'It is a security provided by law for the exclusive benefit of creditors, over which the corporation authorities can have no control.' To repeat what is here said or inferred. The liability of the stockholder is to pay the debt of the corporation, not his own debt. His obligation is distinct and *dehors* that of the company."

It is possible that a mere subscriber for stock may not thereafter assume the relation of a stockholder, but may assign his subscription to another. In such case a right of action upon the subscription contract might be sustained against the subscriber, while the stockholder liability would be enforced against his assignee, who obtained the initial issue of stock. The former is an action at law for a money judgment upon the individual contract be-

tween the subscriber and the corporation (*Smith, Receiver,* v. *Johnson et al.,* 57 Ohio St., 486, 490); the latter action is an equitable one upon the liability created by law resulting from the stockholder relation. This distinction is made in other jurisdictions. In the case of *Barrick* v. *Gifford et al., supra,* Justice Minshall quotes Mr. Cook as to the dual character of the liability of the subscriber and stockholder as follows: "This rule is based upon the principle that the liability of the shareholder is not a primary resource of corporate creditors, and is not, therefore, to be resorted to if the *assets of the corporation, including the assessments on the stock* enforceable at common law, will suffice to pay the debts."

Furthermore, the section providing the venue in which the action shall be brought, to-wit, Section 8690, General Code, grants such right "on account of a liability created by law," and this section remains now as it was before the adoption of Section 3, Article XIII of the Constitution, and Section 8687, General Code.

It has been held that the double liability created by statute is a secondary liability only, and is not to be invoked until the primary fund or liability shall be exhausted. If a stockholder owes an unpaid amount upon his subscription for stock, then this amount constitutes an asset of the corporation which may be enforced under the provisions of our statutes by the directors after call. (Sections 8632 and 8674, General Code.) It is only upon the insolvency of the corporation that the creditor is entitled to invoke the equitable remedy against the

various stockholders for the *pro rata* share due from each; but before this is done the primary fund of the corporation or its assets, including an obligation of this character, should be enforced as an obligation due to the corporation. (Section 8691, General Code.) And it is only when the corporation is insolvent and has not sufficient property or effects to satisfy the creditor that the court ascertains the "liabilities of the * * * stockholders" and enforces them by judgment. (Section 8692, General Code, and *Bronson* v. *Schneider*, 49 Ohio St., 438.) This section in itself discloses that the liabilities of the stockholders named therein can refer only to the secondary or double liability of stockholders.

It has already been noted that the language of the present constitutional provision in this regard is not dissimilar from that formerly employed, inasmuch as both of them, in terms, recognized a liability for unpaid stock. Before the adoption of Section 8688, General Code, the supreme court of this state applied a different limitation in an action upon stockholders' liability from that upon written stock subscription. *Hawkins* v. *Furnace Co., supra,* and *Warner* v. *Callender et al.,* 20 Ohio St., 190.

In the former, or stock-liability case, the court held that the six-year statute was applicable, and in the latter action, one upon a written, unpaid stock subscription, the court held that the limitation ran fifteen years after the call for subscription was made.

It cannot be well insisted that the legislature intended to give a corporate creditor a less limitation

of time to enforce the payment of a stock subscription than the corporation itself had or than its receiver would have when seeking a mere dissolution of the corporation, and yet, if the construction claimed should be given to Section 8688, General Code, cases may well arise where the directors of a corporation would have a much longer period to enforce the payment upon a subscription for stock, while the creditors themselves, under this view, would be relegated to the period of eighteen months after the actual or legal insolvency of the corporation. Manifestly such is not the purpose of the statute. Its only purpose was to affect simply the double liability of the stockholders and to provide a short period of time for its enforcement upon the part of the creditor after legal bankruptcy or insolvency.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

NICHOLS, C. J., JOHNSON, WANAMAKER and MATTHIAS, JJ., concur.

NEWMAN, J., dissenting. I do not concur in the judgment in this case, as I am of the opinion that Section 8687, General Code, imposes a liability on stockholders for unpaid stock in favor of creditors, and that under the requirement of Section 8688 an action upon such liability must be brought within eighteen months after the debt or obligation becomes enforcible. In the majority opinion several cases are cited in support of the judgment. It is

to be remembered, however, that the limitation section (8688), formerly Section 3258*a*, Revised Statutes, was not enacted until 1902. In 1903, Section 3, Article XIII of the Constitution, was amended, doing away with the double liability of stockholders. Section 8687, formerly a part of Section 3258*a*, Revised Statutes, was not enacted until after this amendment to the constitution. We are advised of no case in which either Section 8687 or Section 8688 has been considered or passed upon by this court. These sections had not been enacted when the cases cited in the majority opinion were decided, and I do not think those cases are helpful in arriving at the meaning of the sections under consideration here.

Section 8686 imposes a double liability upon stockholders. It is said that the section following (8687) is merely a qualification or limitation upon the preceding section. It is true that this section (8687) releases stockholders in corporations created subsequently to November 23, 1903, from a double liability, and further provides that Section 8688 shall not apply to debts or liabilities of a corporation incurred after such date. But if its sole purpose was to place a qualification or limitation upon the liability imposed by Section 8687, that purpose would have been answered in the use of the language contained in the first sentence: "The next preceding section shall not apply to the stockholders in a corporation created after the twenty-third of November, 1903, nor to debts or liabilities of a corporation incurred after such date." This provision, enacted in pursuance of the amended

constitutional provision, would have been sufficient, but the general assembly went further and provided: "As to all debts and liabilities of corporations for profit incurred after such date, the stockholders thereof shall be under no liabilities other than those stated in Article XIII, Section three, of the Constitution of Ohio." In the use of this language the general assembly certainly had reference to some form of liability. We are referred to the amended constitutional provision, which reads: "Dues from private corporations shall be secured by such means as may be prescribed by law, but in no case shall any stockholder be individually liable otherwise than for the unpaid stock owned by him or her." Section 8687, in plain and unambiguous language, says that a stockholder shall be under no liability other than the liability mentioned in the constitutional provision. The latter says that a stockholder shall not be individually liable otherwise than for the unpaid stock owned by him or her. What can this mean except that the stockholder *is* liable for unpaid stock? It is said that this language in Section 8687, to which we have just referred, is merely a recognition of an existing obligation on the part of the stockholder to pay his stock subscription. If this were its only purpose it would seem to me to be a most unusual enactment on the part of the general assembly. If, as is said, the obligation of the stockholder rests upon the contract between him and the corporation, irrespective of the constitution and the statute, it was a waste of words to use such language.

Again, the general assembly, when in Section

8688 it used the language, "An action upon the liability of stockholders under the two next preceding sections," recognized a liability under both Section 8686 and Section 8687. Section 8686, as we have seen, relates solely to the double liability. Section 8687 does not again impose the double liability, but on the contrary relieves certain stockholders from that liability. So that the only liability under Section 8687, which is referred to in Section 8688, is liability for unpaid stock.

It is said that it cannot be well insisted that it was intended to give a corporate creditor a less limitation of time to enforce payment of stock subscription than the corporation itself has. It is true that in certain cases, when Section 8688 is applied, a corporate creditor would have less time within which to enforce payment of stock subscription than the corporation itself would have, yet it is equally true that in no instance, under my view of the matter, would a creditor be deprived of his right to enforce a liability for unpaid stock. Regardless of the contract existing between the stockholder and the corporation, the creditor would have eighteen months from the legal insolvency of the corporation in which to proceed. In the present case, of course, it is advantageous to the trustee, representing the creditors, to have the fifteen-year statute applied, in view of the fact that he did not proceed within eighteen months from the time the claim of the creditors became enforcible. But in many instances the right of creditors to recover unpaid stock will be wholly defeated under the holding in this case. Corporations may be prosperous

and solvent for years after their incorporation and creditors of course would have no right to interfere. After the expiration of fifteen years, in the case of a written contract of subscription, or six years where the contract is implied, a creditor would be without a remedy, for his claim would be barred if his right were based upon the contract. If, under any theory, a creditor could have fifteen years, or six years, from the time his claim became enforcible, it would prolong the time for the winding up of corporations beyond all reasonable needs. It is conceded that in 1902 the general assembly shortened the time from six years to eighteen months within which the double liability could be enforced. This was done to compel creditors to act promptly. In keeping with this policy the general assembly, having imposed this liability for unpaid stock in the enactment of Section 8687, requires an action therefor to be commenced within eighteen months from the time the claims of creditors become enforcible. Eighteen months were deemed sufficient time within which to enforce the double liability, and I do not see how it could work any hardship to place the same limitation upon an action for unpaid stock. I think the general assembly, in the enactment of Section 8687, was safeguarding the rights of creditors of a corporation and was imposing upon the stockholder a liability for unpaid stock regardless of any contract or agreement that might exist between the stockholder and the corporation, and in the enforcement of this liability the creditor was limited to eighteen months.

DONAHUE, J., concurs in dissenting opinion.