E. J. HARTH v. CHARLES S. DRUGGAN, RECOR.

1. **Eighteen Months Limitation Refers to Secondary Liability of Stockholders not to Actions for Unpaid Subscriptions.**

    The provisions of Sec. 8688 G. C., that an action upon the liability of stockholders can only be brought within eighteen months from the time the debt or obligation became enforcible, refers to secondary liability only, and not to actions for unpaid subscriptions for stock.

2. **Future Estimated Attorney Fees to Recover Stockholders' Liability not Allowed in Action for Unpaid Subscriptions.**

    A court is without power to include in a judgment finding the liability of stockholders an estimated fee for attorneys in a future action to enforce stockholders' liability or collect unpaid subscriptions to the capital stock. (Dicta)

ERROR.

*Oscar W. Kuhn* and *Ireton & Schoenle,* for plaintiff in error.
*S. A. Headley, C. S. Druggan* and *J. F. Atwood,* for defendant in error.

## JONES, E. H., J.

Much of the brief of counsel for plaintiffs in error is devoted to an attempt to show that these proceedings, brought to collect unpaid subscriptions to the capital stock of a corporation, are barred by Sec. 8688 G. C. which provides:

"An action upon the liability of stockholders under the two next preceding sections. can only be brought within eighteen months after the debt or obligation shall become enforcible against stockholders."

As pointed out in the brief of defendant in error this question has been decided very recently by our Supreme Court in *Bauman* v. *Kiskadden,* 93 Ohio St. 000 (61 Bull. 147). The syllabus of the case is all that is given, but it is so directly in point as to leave nothing for this court to consider upon the question here presented, and we must hold that these actions were brought within time and are not barred.

The common pleas court of Franklin county allowed the receiver $350 for compensation and expenses including attorney's fees. The assets of the defunct corporation coming into the receiver's hands amounted to only $75. The court must have considered the costs and expenses of these proceedings not at the time commenced, in fixing the fees. The cost and expenses of bringing the $75 into court was a proper charge against the delinquent stockholders. But we doubt the power of the court to include in the judgment finding the liability of the stockholders an estimated fee for attorneys in a future action to enforce the stockholders' liability or collect unpaid subscriptions. The allowance made was nearly five times the amount of the assets in the hands of the receiver, so that it is evident that the court considered the services of the attorneys in this proceeding when fixing the allowance.

For a discussion of this question see *Buist* v. *Williams,* 81 S. C. 495, 499 [62 S. E. Rep. 859].

But this is aside from the record before us. We have no power to interfere with the judgment of the Franklin county court in the receivership case and for that obvious reason are not asked to do so by the pleadings.

We find no error in the proceedings under review, and the judgments are affirmed.

**Jones, O. B.** and **Gorman, JJ.,** concur.