Kunkle, J.
This is an action brought by the .receiver of The Cincinnati & Columbus Traction Company against such company and, numerous stockholders therein to recover from such stockholders certain unpaid stock subscriptions.
The petition was framed upon the theory of a bill in equity to recover such portion of the unpaid stock subscription owing by each o'f said defendant *10 stockholders as might be necessary to pay the obligations of The Cincinnati & Columbus Traction Company, and also to equalize the payments made and to be made by the various stockholders upon such stock subscriptions.
The First National Bank of Norwood, Ohio, filed a cross-petition in which it sought substantially the same relief upon behalf of itself as a creditor, and upon behalf of all other creditors.
The case was submitted to the trial court upon various demurrers to the petition of plaintiff, and also upon various demurrers to the cross-petition of The First National Bank of Norwood.
The trial court rendered the following judgment upon such demurrers, namely:
“The court upon due consideration sustains the demurrers to the petition filed herein and to the cross-petition of the First National Bank of Nor-wood upon the ground that there is a misjoinder of parties defendant and upon the ground that separate causes of action against the several defendants are improperly joined, and the plaintiff and cross-petitioner not desiring to plead further the petition and said cross-petition are hereby dismissed as against all defendants demurring and judgment for costs is hereby rendered in favor of each of said defendants for costs herein.”
The case comes into this court upon appeal, and also upon a proceeding in error from the judgment so rendered by the trial court.
We have carefully considered the authorities cited by counsel in their very exhaustive briefs. We shall not attempt to review or discuss the authorities in detail, but will announce the conclusion *11 at which we have arrived after a consideration of such authorities.
Regardless of what the rule may be in other jurisdictions we are of opinion that it is clearly settled in this state that an action by a receiver of a corporation for the purpose of recovering unpaid stock subscriptions is a proceeding at law and not in equity.
The rule as announced in the syllabus of the case of Smith, Recr., v. Johnson et al., 57 Ohio St., 486, is as follows:
“1. An action to collect an unpaid subscription to the capital stock of a corporation, instituted by a receiver appointed under chapter 5, div. 7, of title 1, Revised Statutes, to wind up the affairs of the corporation, is a suit at law to recover a money judgment.
“2. It is not proper practice for such a receiver to join in one action all delinquent stockholders as defendants, those who reside out of the county where the suit is brought as well as those who reside within such county, and issue summons to another county to obtain service upon such non-residents.”
This case was approved and followed in Bauman v. Kiskadden, Trustee, 94 Ohio St., 130, at page 138, and has not been disapproved or criticised by any subsequent decision of our supreme court.
We think the attempt upon the part of the plaintiff to create an equitable case by asking for an equalization of payments made by stockholders upon their stock, and the collection of only so much of the unpaid stock subscription as may be necessary to liquidate the obligations of the company, *12 does not change the nature of the cause of action set forth in either the petition of plaintiff or the cross-petition of the bank. The cause of action in both the petition and the cross-petition is to collect unpaid stock subscriptions.
We cannot escape the conclusion that the action is one at law in which various stockholders were improperly joined, and in which the causes of action against such stockholders were improperly joined.
We think the various demurrers to the petition and to the cross-petition of The First National Bank of Norwood were properly sustained upon such grounds, and the judgment of the lower court will be affirmed.
The appeal will be dismissed for the reason that the judgment rendered was in an action at law and not in a proceeding in chancery. Case of The Cincinnati & Columbus Traction Co. v. The Union Savings Bank & Trust Co. et al., 9 Ohio App., 414, approved and followed.

Judgment in error case affirmed.

Appeal case dismissed.

Allread and Ferneding, JJ., concur.
Judges of the Second Appellate District sitting in place of Judges Shohl, Hamilton and Cushing of the First Appellate District.