**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-3171
_____

ORACIO SANCHEZ, JR.,

Appellant

v.

ULLI KLEMM; TRACY SMITH
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 2-19-cv-01429)
District Judge: Honorable Robert J. Colville
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
June 6, 2024

Before: CHAGARES, Chief Judge, CHUNG and FISHER, *Circuit Judges*.

(Filed: June 25, 2024)
_____

OPINION[*]
_____

**FISHER**, *Circuit Judge*.

Oracio Sanchez, Jr., sought to celebrate Passover with fellow Hebrew Israelites

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

incarcerated at SCI Fayette. When he sued to do so, prison officials agreed to provide a communal Passover seder to Hebrew Israelites and Sanchez agreed to dismiss his action. But Sanchez now argues that prison officials violated their agreement, and seeks to reinstate his lawsuit against them. The District Court sua sponte concluded that it lacked jurisdiction to entertain Sanchez's request, and so it denied his motion to reinstate. For the reasons set forth below, we will reverse.[1]

 Sanchez's argument is straightforward: that the Prison Litigation Reform Act (PLRA) provides for reinstatement of an action if a party violates a private settlement agreement like the one he entered into with prison officials at SCI Fayette, and so the District Court's conclusion that it lacked jurisdiction over his motion to reinstate his case was accordingly wrong. We agree.

The PLRA provides for "[a]ppropriate remedies with respect to prison conditions."[2] To achieve this goal, the statute contemplates the settlement of prison civil rights suits via two routes: consent decrees[3] and private settlement agreements.[4] This case involves only the latter, which the PLRA defines as "an agreement entered into among the parties that is not subject to judicial enforcement *other than* the reinstatement of the

---

[1] We have jurisdiction under 28 U.S.C. § 1291. *Great W. Mining & Min. Co. v. Fox Rothschild LLP*, 615 F.3d 159, 163 (3d Cir. 2010). We review questions of subject matter jurisdiction de novo. *Id.* at 163.
[2] 18 U.S.C. § 3626.
[3] *Id.* § 3626(c)(1).
[4] *Id.* § 3626(c)(2).

civil proceeding that the agreement settled."[5]

Echoing this definition, the PLRA provides that the parties may "enter[] into a private settlement agreement [whose] . . . terms . . . are not subject to court enforcement *other than* the reinstatement of the civil proceeding that the agreement settled."[6] While the Magistrate Judge reviewing Sanchez's motion to reinstate cited this portion of the PLRA in her Report and Recommendation,[7] which the District Court later adopted, she focused on the fact that the settlement agreement did "not include a provision that the [District] Court retains jurisdiction over this action after its dismissal."[8] On that basis, she concluded "the [District] Court lack[ed] jurisdiction to reinstate Plaintiff's claims."[9]

But that analysis misses the mark. To determine the "plain meaning" of a statute, "we start with the text of the provision itself."[10] Where "the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'"[11] Here, the PLRA could hardly be clearer: private settlement agreements are not enforceable by court order, *except for* "reinstatement of the civil proceeding that the agreement settled."[12] The

---

[5] *Id*. § 3626(g)(6) (emphasis added).
[6] *Id.* § 3626(c)(2)(A) (emphasis added).
[7] Appendix (App.) 9.
[8] *Id.* at 9–10.
[9] *Id.* at 11.
[10] *Appalachian States Low-Level Radioactive Waste Comm'n v. O'Leary*, 93 F.3d 103, 108 (3d Cir. 1996).
[11] *United States v. Ron Pair Enters.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).
[12] 18 U.S.C. § 3626(c)(2)(A).

District Court therefore erred in adopting the Magistrate Judge's conclusion that it "lack[ed] jurisdiction to reinstate Plaintiff's claims," as the PLRA itself contemplates reinstatement.[13]

The defendants argue that Sanchez is attempting to shoehorn a breach of contract claim into a civil rights action. But in order to do so, they conflate "reinstatement" with "enforcement" by arguing that reinstatement would "require[] [the District Court] to enforce the parties' private settlement agreement."[14] Not so. As we have noted before, "reinstatement of an action, which revives the underlying claim and sends the litigants back to the original battlefield, is totally different from the enforcement of the terms of a settlement agreement because one of the parties has not complied with those terms."[15]

The defendants also point out that a prisoner "claiming that a private settlement agreement has been breached" may seek "in State court any remedy available under State law."[16] They argue that pursuing a breach of contract action in Pennsylvania state court is thus Sanchez's proper remedy. But that is not Sanchez's only recourse, as the plain language of § 3626(c)(2)(A) demonstrates. That Sanchez could sue prison officials in state court does not mean he must do so, and he has not elected to pursue that path here.

Finally, the defendants argue that the PLRA alone does not provide sufficient

---

[13] App. 11.
[14] Appellees' Br. 2.
[15] *Shaffer v. GTE N., Inc.*, 284 F.3d 500, 503 (3d Cir. 2002).
[16] Appellees' Br. 20 (quoting 18 U.S.C. § 3626(c)(2)(B)).

authority to reinstate a case. They posit that Sanchez must overcome the requirements of Rule 60(b) of the Federal Rules of Civil Procedure to reinstate his suit, and that Sanchez cannot do so. We have not addressed this issue in a precedential opinion, and we decline to reach it now. The District Court denied Sanchez's motion solely because it reasoned the PLRA did not provide it with jurisdiction to reinstate the case. It follows that this is the only issue before us. Because it concluded sua sponte that it lacked jurisdiction, neither Sanchez nor the defendants had a chance to offer argument about the interaction of the PLRA and Rule 60(b) before the District Court. Regardless of the worthiness of this argument, the District Court should be the first to analyze it—not us.[17]

The same holds true for other potential issues on remand. To take one example, it is not clear whether a private settlement agreement must specifically provide for reinstatement, or whether reinstatement is available as a remedy regardless. Courts have approved settlement agreements that both expressly provide for, and are and silent as to,

---

[17] *See Singleton v. Wulff*, 428 U.S. 106, 120 (1976) (noting the "general rule . . . that a federal appellate court does not consider an issue not passed upon below").

reinstatement.[18] In either event, questions regarding the necessity of such a contractual provision under the PLRA were not briefed before the District Court, and might prove relevant on remand.

We thus conclude that the PLRA permits reinstatement of an underlying civil case in response to an alleged breach of a private settlement agreement under 18 U.S.C. § 3626(c)(2)(A). Sanchez has pursued reinstatement of his suit under that provision, and so the District Court must bring to bear its "virtually unflagging obligation" to exercise jurisdiction over this action.[19] We will accordingly reverse the District Court's denial of Sanchez's motion to reinstate and remand for further proceedings.

---

[18] *Compare Ingles v. Toro*, 438 F. Supp. 2d 203, 210 (S.D.N.Y. 2006) (approving class action settlement agreement that included clause permitting court enforcement through reinstatement which mirrored the PLRA and "specifically provide[d] that upon dismissal of the case, 'this Court shall not retain jurisdiction except in the event that Class Counsel seeks and the Court grants reinstatement of the Action'"), *with Gaddis v. Campbell*, 301 F. Supp. 2d 1310, 1322 (M.D. Ala. 2004) (approving class action settlement agreement that stated, "This Settlement Agreement is not a consent decree, and is not enforceable in federal court. In the event of non-compliance with any of the terms in this Settlement Agreement, the plaintiffs may only enforce the Settlement Agreement in state court, pursuant to 18 U.S.C. § 3626(c)(2)(B).").

[19] *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976).